# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUASHAY WATERS, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-12-0894-HE |
| | ) |
| MILLICENT NEWTON-EMBRY, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Quashay Waters, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter was referred for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B),(C), and Magistrate Judge Suzanne Mitchell has recommended that habeas relief be denied. Petitioner has filed an objection to the Report and Recommendation.

After she was convicted by a jury of first-degree felony murder and robbery by fear, petitioner was sentenced to life imprisonment and a consecutive six year sentence. She appealed and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed both the conviction and sentence. Petitioner did not seek state post-conviction relief, but filed a petition seeking federal habeas relief.

In her petition petitioner asserts seven errors, all of which the OCCA addressed and rejected in petitioner's direct appeal. The magistrate judge concluded that none of the claimed errors by the state trial judge and petitioner's counsel warrant habeas relief. Petitioner now challenges the magistrate judge's determinations as to the following five

grounds for relief: that the trial judge failed to suppress statements that were involuntary; that her double jeopardy rights were violated; that the evidence was insufficient to support her felony murder conviction; that the trial judge failed to instruct the jury properly on the use of other crimes evidence, and that her sentence was excessive.

The court agrees with the magistrate judge's thorough analysis of petitioner's claims. While it, like the other reviewing authorities, is troubled by the circumstances surrounding petitioner's confession, the case petitioner relies on to demonstrate that her statements were involuntary, United States v. Lopez, 437 F.3d 1059 (10th Cir. 2006), is distinguishable.[1] The district court in Lopez concluded that the actions of one of the interrogating officers "amounted to a promise of leniency," *id.* at 1064, a finding upheld by the Tenth Circuit. Here, as noted by the magistrate judge, the OCCA found that "there was no specific promise offered in exchange for [petitioner's] confession and the detectives did follow through on their promise to communicate with the State that Waters was cooperative." Doc. #9-3, p. 4. The magistrate judge determined, after reviewing the video of petitioner's October 9, 2008, interview, that the detectives "stopped short of making a specific promise of leniency to extract a confession." Doc. #16, p. 13. She found that the detectives "never promised Petitioner that lesser charges would be brought against her or that she would receive a particular sentence if she talked about what had

---

[1]*In Lopez the Tenth Circuit affirmed the district court's decision to suppress two confessions made by the defendant. The trial court had concluded the confessions were involuntary and the government appealed that decision.*

happened and identified her co-participants." *Id*.

The Tenth Circuit also concluded in Lopez that the record, when read favorably to the defendant, supported the conclusion that "the federal agents also misrepresented and exaggerated the evidence they had against Lopez," in addition to making a promise of leniency. Lopez, 437 F.3d at 1065. Petitioner does not claim that the interrogating officers similarly made misrepresentations to her.

Another critical factor differentiating Lopez from this case is the standard of review that was applied. Because the Tenth Circuit was reviewing a federal district court's order granting a motion to suppress, it "examine[d] the entire record and ma[de] an independent determination of the ultimate issue of voluntariness." *Id.* at p. 1062 (internal quotations omitted). However, on habeas review the court applies the extremely deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996.[2] Applying the required standard, the court agrees with the magistrate judge that petitioner has not shown she is entitled to habeas relief on the basis that her confession was involuntary.

The court also agrees with the magistrate judge that the OCCA properly decided

---

[2]*Petitioner also asserts in her objection that she was unaware that she could invoke the right to remain silent after she signed the waiver. She failed, though to include that argument in her habeas petition or raise it in her reply brief [Doc. #13] and thereby waived it. See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). The court notes, though, that the video of petitioner's October 9, 2008, interview reflects that when she was advised of her Miranda rights, petitioner was told "if you do decide to make a statement you may stop at any time." Doc. #12, Exhibit 5.*

the remaining grounds of error.³ Accordingly, after a *de novo* review, the court adopts the Report and Recommendation of Magistrate Judge Mitchell and denies the petition for writ of habeas corpus. A certificate of appealability is denied, as the court concludes petitioner has not made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2)

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

³Petitioner asserted different double jeopardy and sufficiency of the evidence arguments in her objection, claiming she did not, as the jury instructions required, "take anything from the person of Parks," but rather took his wallet from the jeep and thus the predicate felony for her felony murder conviction was not established, and did not rob Perez, but merely asked for her phone. Doc. # 17, p. 5. By failing to raise these new arguments earlier to the magistrate judge (or the OCCA, see Doc. #9-1, pp.40-50) petitioner waived them. <u>Garfinkle</u>, 261 F.3d at 1031. The court notes, though, that under Oklahoma law robbery is defined as "a wrongful taking of personal property in the possession of another, from his person <u>or immediate presence</u>, and against his will, accomplished by means of force or fear," 21 Okla. Stat. § 791 (emphasis added), and petitioner, in her appellant brief referred to her "act of taking a cell phone and snacks form a fearful Jessica Perez." Doc. #9-1, at p. 43; see Trial Transcript, Volume II, p.64.